UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT N. LIES | ) | CASE NO. 11-84056 |
| BARBARA M. LIES | ) | |
| | ) | |
| Debtor(s) | ) | |

## NOTICE OF CURE OF ALL PRE-PETITION MORTGAGE OBLIGATION

TO:  BMO Harris Bank NA                               BMO Harris Trust & Savings
     (Creditor Name)
     Bankruptcy Dept.                                 111 W. Monroe Street
     (Creditor Address)
     3800 Golf Road, Suite 300                        Chicago, IL  60603

     Rolling Meadows, IL  60008

     001 / 15 / [K] 7629
     (Trustee Claim # / Court Claim # / Acct #)


     Robert N. Lies                                   Attorney Jason K. Nielson
     (Debtor's Name)                                  (Debtor's Attorney Name)
     Barbara M. Lies                                  Geraci Law LLC
     (Debtor's Address)                               (Debtor's Attorney Address)
     311 Bendbrook Court                              55 E. Monroe Street, Suite 3400

     Poplar Grove, IL   61065                         Chicago, IL  60603

     11-84056
     (Case Number)

THIS NOTICE IS HEREBY GIVEN BY THE CHAPTER 13 TRUSTEE, LYDIA S. MEYER, PURSUANT TO ¶ B(2)b OF THE PLAN FILED HEREIN ON 2/28/2012

(1) That the cure amount has been paid, satisfying all pre-petition mortgage obligations of the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of post-petition obligations, (3) that if the debtor has failed to make timely payments of any post-petition obligations, the holder is required

to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected.  No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph.

/s/Lydia S. Meyer
LYDIA S. MEYER, Trustee

**CERTIFICATE OF MAILING**

The undersigned certifies that a copy of the foregoing notice was mailed to the Debtor(s), Debtor(s) attorney of record, and creditor to addresses listed above in envelopes bearing first class postal indicia on the 1st day of November, 2012.

/s/Cynthia K. Burnard

LYDIA S. MEYER, Trustee
308 W. State Street, Suite 212
P.O. Box 14127
Rockford, IL  61101-4127
Telephone:  815/968-5354
Fax:  815/968-5368